IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | No: 11-00572 |
| | ) | |
| Sarbjit S. Saluja | ) | Judge Jack B. Schmetterer |
| & | ) | |
| Parveen K. Saluja | ) | Trustee: Tom Vaughn |
| | ) | |
| Debtor(s). | ) | Chapter 13 |
| Sarbjit S. Saluja | ) | |
| & | ) | |
| Parveen K. Saluja | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | No: 11-00050 |
| | ) | |
| Chase Home Finance, LLC. | ) | |
| Defendant. | ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW, AGAINST CHASE HOME FINANCE, LLC
### AS TO PLAINTIFF'S MOTION FOR DEFAULT FILED MAY 9, 2011 AS TO THE ADVERSARY COMPLAINT TO AVOID SECOND JUNIOR MORTGAGE FILED MARCH 5, 2011

This cause coming to be heard on motion of Plaintiffs, **Sarbjit S. Saluja and Parveen K. Saluja**, for Default Judgment pursuant to Bankruptcy Rule 7055 and F.R.C.P. Rule 55, filed against **Chase Home Finance, LLC**, due notice having been given and the Court being fully advised in the premises, it is hereby found:

Defendant *Chase Home Finance, LLC*. holds a second junior mortgage on the Property located at **THE SOUTH 26.13 FEET OF THE EAST ½ OF LOT 44 AND 46 (AS A TRACT) IN BLOCK 9, IN NATIONAL CITY REALTY COMPANYS SECOND ADDITION TO ROGERS PARK MANOR, BEING A SUBDIVISION OF THE EAST ¼ OF SECTION 36, TOWNSHIP 41 NORTH, RANGE 13, EAST OF THE THIRD PRINICIPAL, MERIDIAN, NORTH AND SOUTH OF THE INDIAN BOUNDARY LINE, IN COOK COUNTY, ILLINOIS. (PIN# 10-36-228-046-0000).,** commonly known as 2600 W. Pratt Blvd., Chicago, IL 60604, Cook County;

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

1. The court finds On May 9, 2011, the Plaintiffs filed and properly served an Amended Notice of Motion and Motion for Default, upon Defendant, *Chase Home Finance LLC* ("*Chase*"), holder of the junior lien on the above-mentioned property. (See Proof of Service attached as Exhibit 1.)

2. The court further finds, pursuant to Bankruptcy Rule 7055, incorporating F.R.C.P. Rule 55, that based on Defendant *Chase Home Finance LLC*'s failure to plead or otherwise defend, the court must enter a Default Judgment against them on the Adversary Complaint filed March 5, 2011.

3. The court also finds as a result of this Default Judgment Order being entered, there is no security for the debt to attach to and therefore that the second junior mortgage of *Chase Home Finance LLC* and the debt and the third mortgage of *Greentree Servicing,LLC.* are completely unsecured for purposes of the above captioned Chapter 13 Case;

4. Additionally, the court finds that the Debtors' Chapter 13 Plan in the underlying case 11-00572 has treated the debt and second mortgage of *Chase Home Finance LLC* as completely unsecured and any secured claim filed by *Chase Home Finance LLC* for the second mortgage is hereby disallowed;

5. The court finds upon entry of a Discharge Order in the underlying Chapter 13, 11-00572, the second mortgage lien of *Chase Home Finance LLC* shall be avoided and "stripped off" as a mortgage lien on the Real Property described in paragraph 1 of this order;

6. Furthermore, the court also finds the balance of the claim of defendant *Chase Home Finance LLC* for the second mortgage will be treated as a general unsecured claim and paid according to the terms of the confirmed Chapter 13 Plan;

7. The court finds that *Chase Home Finance LLC* shall release it's lien by filing a release of lien with the Cook County Recorder of Deeds as to the Real Estate located at **THE SOUTH 26.13 FEET OF THE EAST ½ OF LOT 44 AND 46 (AS A TRACT) IN BLOCK 9, IN NATIONAL CITY REALTY COMPANYS SECOND ADDITION TO ROGERS PARK MANOR, BEING A SUBDIVISION OF THE EAST ¼ OF SECTION 36, TOWNSHIP 41 NORTH, RANGE 13, EAST OF THE THIRD PRINICIPAL, MERIDIAN, NORTH AND SOUTH OF THE INDIAN BOUNDARY LINE, IN COOK COUNTY, ILLINOIS. (PIN# 10-36-228-046-0000)** ., commonly known as 2600 W. Pratt Blvd., Chicago, IL 60604, Cook County, upon entry of discharge with no further order of court;

8. ~~However, the court finds Chase Home Finance LLC retains its lien on any surplus proceeds from a potential foreclosure sale by the senior lien holder prior to the Debtors' completion of their Chapter 13 Plan and entry of their Chapter 13 discharge.~~

8. In event Debtors' Ch 13 Case is Dismissed without discharge, this Order will be voided.

Respectfully Submitted:

/s/ Gary N. Foley
Gary N. Foley
Its Atty: 06237076

:

Gary N. Foley, P.C.
1919 N. Rte. 83
Round Lake Beach, Illinois 60073
847-986-2999 tel
847-986-2989 fax

6/21/11

JUN 21 2011